BERNARD GEIGER, Plaintiff-Appellant, *v.* HRISTIJOVE ZIKIC, Defendant-Appellee.

First District (4th Division)   No. 79-495

Opinion filed February 28, 1980.

Lawrence Friedman, of Chicago (Wayne M. Waller, of counsel), for appellant.

Parrillo, Bresler, Weiss & Moss, of Chicago (Michael J. O'Halloran, of counsel), for appellee.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

This action was brought to recover damages sustained by plaintiff to his automobile as a result of an automobile accident allegedly caused by defendant's negligence. The cause was tried without a jury, and at the end of plaintiff's case the trial court entered a finding for the defendant and against the plaintiff. Plaintiff filed a post-trial motion to vacate the order for a directed finding and grant plaintiff a new trial. The court denied the post-trial motion. This appeal is taken from the entry of the directed finding for defendant and the denial of plaintiff's post-trial motion.

The issue presented for review is whether the trial court erred in "directing a finding" for defendant at the close of plaintiff's case.

On October 24, 1974, the plaintiff's automobile was being driven by his son, Jeffrey Geiger. He was driving in a northerly direction on California Avenue, at or about the intersection of California Avenue and Albion Street in the city of Chicago. California Avenue runs north and south; there is no traffic control device governing northbound and southbound traffic on California where it intersects Albion. Albion Street runs east and west; there is a stop sign governing the entrance of eastbound and westbound traffic onto California.

The plaintiff called the defendant to testify as an adverse witness. The defendant testified he was traveling eastbound on Albion toward the intersection of California. He stopped for the stop sign at the intersection of Albion and California. He stated that the southbound traffic on California was at a standstill and it had blocked his entrance onto California. One of the southbound drivers waved him through the intersection so that he could proceed eastbound on Albion. He stated he then proceeded slowly from the stop sign to a point where the front bumper of his car was near, but had not crossed, the center line of California where he stopped. The defendant further testified that plaintiff's vehicle came close to his automobile before plaintiff swerved to the right and struck a pole. He stated that he had already stopped near the center line of California before the northbound car entered the intersection.

Next, the plaintiff called Jeffrey Geiger as his witness. He testified that he was driving a car owned by his father. He stated that he was traveling in a northerly direction on California, and as he neared the intersection of Albion and California the defendant crossed over the center line of California Avenue and stopped. The eastbound car did not fully block the northbound lane, but it entered the northbound lane moments before Geiger saw the vehicle. He further testified that he swerved to his right and ran into a pole located on the northeast corner. He stated the damage to the car had been repaired. The bill for the body work was $817.73 and an additional $107.36 for the glass repair. He testified that those bills had been paid. When he was cross-examined, Geiger stated there had not been any physical contact between the two vehicles, and he was not the owner of the vehicle in the accident.

After Geiger's testimony, plaintiff rested his case. At that point, the defendant presented a motion that the court enter a finding in favor of the defendant on the basis that no proper testimony had been presented by the plaintiff, Bernard Geiger. Defendant further stated that Jeffrey Geiger was not the owner of the vehicle involved. The court then entered a finding in favor of the defendant.

Plaintiff filed a post-trial motion which asked the court to vacate the order for a directed finding and grant plaintiff a new trial. The court denied plaintiff's motion. We reverse and remand for a new trial.

Plaintiff contends the trial court erred in "directing a finding" for defendant on the basis that plaintiff's witness who testified at trial as to damages to the automobile was not the owner of the vehicle. We agree with plaintiff that the trial court should not have entered a directed finding for the defendant.

■█ Plaintiff cites *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504, for the proposition that directed verdicts should be

granted only in cases in which all the evidence when viewed in the most favorable light to the opponent so overwhelmingly favors the movant that no contrary verdict could ever stand. Although this standard applies to directed verdicts in a jury trial, it does not apply in a nonjury trial, as in the instant case. *City of Evanston v. Ridgeview House, Inc.* (1976), 64 Ill. 2d 40, 57-58, 349 N.E.2d 399, 407-08.

> "Instead of considering the evidence in the light most favorable to the plaintiff as in a jury trial, the court must consider the weight and quality of the evidence which necessarily includes any favorable to the defendant, and pass on the credibility of the witnesses." *Kokinis v. Kotrich* (1979), 74 Ill. App. 3d 224, 228, 392 N.E.2d 697, 700.

In our reading of the record, we find that after the testimony of both parties the defendant presented a motion that the court enter a finding in favor of the defendant on the basis that no proper testimony had been presented by the plaintiff, and that the witness, plaintiff's son, was not the owner of the damaged vehicle. The court, thereafter, ruled in favor of defendant. This was not an adequate basis for a finding for the defendant. The issue of ownership was not before the court. The plaintiff stated in his complaint that he was the owner of the damaged vehicle, and defendant, in his answer, admitted that allegation.

> "Once a statement of fact has been admitted in the pleadings, it constitutes a judicial admission and makes it unnecessary for the opposing party to introduce evidence in support thereof." *Farwell Construction Co. v. Ticktin* (1978), 59 Ill. App. 3d 954, 958, 376 N.E.2d 621, 625.

In the instant case, plaintiff's complaint alleged that he was the owner of the vehicle, and the defendant admitted the allegation. Therefore, it was a judicial admission which withdrew it as an issue; there was no need for any submission of proof at the trial.

On appeal, the reviewing court must, itself, examine the evidence and determine whether the trial court, after weighing the evidence, erred in deciding that plaintiff failed to make out a prima facie case. To decide whether the plaintiff made out a prima facie case, the trial court must evaluate the evidence by determining credibility of witnesses and reasonable inferences to be drawn from their testimony. *Jackson v. Navik* (1976), 37 Ill. App. 3d 88, 90, 346 N.E.2d 116, 119.

As the court stated in *City of Evanston v. Ridgeview House, Inc.* (1976), 64 Ill. 2d 40, 58, 349 N.E.2d 399, 408, the reviewing court should not reverse unless after reviewing the evidence it finds the trial court erred in deciding the case contrary to the manifest weight of the evidence.

We have examined all the evidence and find that the judgment of the trial court was contrary to the manifest weight of the evidence. The

evidence in this regard is as follows: The contradicted testimony of the defendant and the plaintiff's son. Both parties testified as to two different versions of the accident. Defendant testified that his automobile did not cross the center line of the street into the path of plaintiff's vehicle. Plaintiff's son stated that defendant's automobile did cross the center line and he, therefore, had to swerve to avoid a collision. Secondly, the defendant asked for the motion for a directed finding based on the alleged lack of proper testimony from the plaintiff regarding the ownership of the vehicle. This was not an issue in the case and was clearly disposed of based on the pleadings.

We find that plaintiff made out his prima facie case, and the trial court erred in directing a finding for the defendant.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed and remanded for a new trial.

Reversed and remanded.

LINN, P. J., and JIGANTI, J., concur.